

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 25, 2019

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

        RE: *United States v. Amnon Filippi,* S2 12 Cr. 604 (RA)

Dear Judge Abrams:

       Pursuant the Court's Order of July 22, 2019, the Government respectfully submits this letter in opposition to defendant Amnon Filippi's application for early termination of his period of supervised release. As the Court is aware, Mr. Filippi was convicted on August 12, 2014, after an approximately three-week trial, of one count of conspiracy to distribute and possess with intent to distribute 100 and more marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of manufacturing and distributing and possessing with the intent to distribute 100 and more marijuana plants, in violation of 21 U.S.C. §§ 812 and 841(a)(1), and 841(b)(1)(B). On November 20, 2014, this Court sentenced Mr. Filippi to 60 months' imprisonment, followed by a four-year term of supervised release on each count of conviction to run concurrently.[1] Mr. Filippi's term of supervision began in January 2018 and he has therefore served approximately 18 months of his four-year term of supervised release. The Probation Office opposes Mr. Filippi's request.

       The Government respectfully opposes Mr. Filippi's request. Section 3583(e) of Title 18 provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* Pursuant to 18 U.S.C. § 3583(e)(1), in determining whether to terminate a term of supervised release, the court must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B),

---

[1] Pursuant to 21 U.S.C. § 841(b)(1)(B), Mr. Filippi's convictions carried a statutory mandatory minimum of four years' supervised release.

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[2] Nonetheless, "[g]eneral compliance with the original terms and conditions of superv[ision] does not suffice to justify early termination." *United States v. Maguire*, No. 04 Cr. 269 (VM), 2008 U.S. Dist. LEXIS 106191, at *1 (S.D.N.Y. Dec. 22, 2008); *see Karacsonyi v. United States*, No. 97-1220, 1998 U.S. App. LEXIS 15107, at *6 (2d Cir. June 10, 1998) (affirming denial of request for early termination of supervised release; "Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Mr. Filippi seeks early termination of his period of supervised release so that he need not notify the Probation Office before traveling for his employment and to enable him to travel for his career internationally.[3] But the fact that Mr. Filippi finds the reporting requirements of his supervised release to be restrictive is not a sufficiently compelling reason to warrant a modification of the sentence that this Court imposed in 2014. Filippi's supervised release conditions permit him to travel without restriction within the continental United States as long as he provides appropriate notice to the Probation Office. And Filippi is of course free to apply to the Court for permission to travel internationally for his employment as occasions arise. The Government further understands that Filippi is under "low intensity" supervision, meaning that he can file monthly reports with the Probation Office remotely via the internet.

As noted, the Probation Office opposes Mr. Filippi's request for early termination of supervised release. I have discussed Mr. Filippi's request with Probation Officer Zondra Jackson, Mr. Filippi's current probation officer. PO Jackson notes that Mr. Filippi has completed only approximately 18 months of his four-year term of supervised release. Moreover, while Mr. Filippi has generally been compliant with the terms of his supervised release, his compliance has not been "exceptional." In particular, on June 27, 2019, PO Jackson directed Mr. Filippi to file his monthly report for June 2019 no later than July 7, 2019. Mr. Filippi did not do so by that date. Only after Filippi's counsel contacted PO Jackson in connection with Mr. Filippi's request for early termination and was told of Filippi's failure to timely file his June 2019 report did Mr. Filippi file the report on July 18, 2019.

The Government is sympathetic to the fact that the conditions of Mr. Filippi's supervised release impose planning and logistical burdens on his professional life that would not exist if he were unsupervised. But these are the same burdens that fall on every supervised releasee and were foreseeable at the time that the Court imposed the term of supervised release that it imposed. It certainly cannot be said that these burdens constitute "new or unforeseen circumstances," of the

---

[2] Those factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the United States Sentencing Guidelines; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

[3] On December 14, 2017, this Court granted Mr. Filippi's application to travel within the continental United States without prior approval of the Court as long as he notifies his probation officer of his itinerary at least 48 hours prior to his departure. (Dkt. # 224).

type that would warrant this Court exercising its discretion to terminate Mr. Filippi's period of supervised release.

As for the factors to be considered pursuant to Section 3553(a), Mr. Filippi's application does not suggest any reason that this Court should revisit the balance of those factors that it struck in imposing its original statutory mandatory minimum sentence in 2014. To the extent Mr. Filippi contends that his compliance with the terms of his supervision up to this point suggests that the remaining period of supervised release would not serve a legitimate penological purpose, as noted, mere compliance with the terms of supervision is insufficient, alone, to justify an early termination. *Maguire*, 2008 U.S. Dist. LEXIS 106191, at *1. Accordingly, and for the reasons set forth above, the Government does not believe that early termination of Mr. Filippi's supervised release is warranted.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:   __/s/_____
        Elisha J. Kobre
        Assistant United States Attorney
        (212) 637-2599

cc:    Jeremy Schneider, *Counsel for Mr. Filippi* (by ECF)
       Zondra Jackson, *Supervising U.S. Probation Officer* (by e-mail)